Christopher J. Hamner, Esq. (SBN 197117)
Evelina Serafini, Esq. (SBN 187137)
Manu J. Elloie, Esq. (SBN 26245)
**HAMNER LAW OFFICES, APLC**
5023 Calabasas Parkway
Calabasas, California 91302
Telephone: (818) 876-9631
chamner@hamnerlaw.com
eserafini@hamnerlaw.com
melloie@hamnerlaw.com

Attorneys for Plaintiff, CINDY BAKER, on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DISTRICT

| | |
|---|---|
| CINDY BAKER, on behalf of herself and all other similarly situated,<br><br>        Plaintiff<br><br>        v.<br><br>NESTLE S.A., a Swiss corporation, NESTLE USA, INC., a Delaware corporation, NESTLE WATERS NORTH AMERICA, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF CALIFORNIA FALSE ADVERTISING LAWS [Business and Professional Code §17500 *et seq*., Cal. Civ. Code § 1750 *et seq*.]**<br>2. **VIOLATION OF THE UNFAIR COMPETITION LAW [Business and Professional Code § 17200 *et seq*.]**<br>3. **BREACH OF EXPRESS WARRANTY**<br>4. **FRAUD**<br>5. **NEGLIGENT MISREPRESENTATION**<br>6. **RESTITUTION**<br>7. **INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

BAKER v. NESTLE, ET AL. COMPLAINT

Plaintiff Cindy Baker, on behalf of herself and all others similarly situated brings this action against defendants Nestle S.A., Nestle USA, Inc., Nestle Waters North America, and DOES 1 through 100 and state:

## I.  PARTIES

### A. Plaintiff

1.      Plaintiff Cindy Baker ("Plaintiff") is a California resident who on multiple occasions in the last year has purchased and consumed Nestle Pure Life Purified bottled water for herself and her family in Los Angeles, California.  In particular, on about October 31, 2017, Plaintiff purchased a case of Nestle Pure Life Purified bottled water for her and her family at the Smart & Final located in Encino, California.

### B. Defendants

2.      Defendant Nestle S.A. ("Nestle Switzerland") is a Swiss corporation located in Vevey, Switzerland, and doing business throughout the United States, California, including the County of Los Angeles.

3.      Defendant Nestle USA, Inc. ("Nestle USA") is a Delaware corporation located in Stamford, Connecticut, and doing business throughout California, including the County of Los Angeles.

4.      Defendant Nestle Waters North America ("Nestle North America") is a Delaware corporation located in Arlington, Virginia, and doing business throughout California, including the County of Los Angeles.

5.      Nestle Switzerland, Nestle USA and Nestle North America are referred to herein as Defendants.

6.      Plaintiffs are informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs.  Plaintiffs are informed and believe and thereon allege that at all times relevant to this action, the named defendant and defendants DOES 1 through 100 were affiliated and were an integrated enterprise.

## II.    FACTUAL ALLEGATIONS

7.    Recently, the World Health Organization ("WHO") announced that it is launching a review of the potential risks of plastic particles in certain bottled drinking water, including Nestle Pure Life Purified bottled water, after a study found high levels of tiny pieces of plastic in the samples tested.

8.    The testing and analysis was recently conducted at the State University of New York in Fredonia as part of a project from the U.S.-based journalism organization Orb Media.  Of the tested bottled water brands, Nestle Pure Life Purified bottled drinking water was found to contain high levels of plastic particles, with alarming rates of micro plastics per liter detected.

9.    The study found that Nestle Pure Life Purified bottle drinking water contained various microplastics, including  polypropylene, nylon, and polyethylene terephthalate.

10.    In one case, a bottle of Nestlé Pure Life Purified bottled drinking water was found to contain more than 10,000 pieces of microplastic per liter of water.

11.    Plaintiff has recently purchased and consumed Nestle Pure Life Purified drinking water purchased from Smart & Final in Encino, California.

### III.   CLASS DEFINITION AND ALLEGATION

12.   Plaintiff seeks to represent the following subclasses of California consumers pursuant to Federal Rule of Civil Procedure Rule 23:

**Subclass 1**  (California False Advertising Subclass). All persons who purchased Nestle Pure Life Purified bottled drinking water in California, in the last 4 years.

**Subclass 2**  (California Consumption Subclass). All persons who consumed Nestle Pure Life Purified bottled drinking water in California, in the last 4 years.

**Subclass 3**  (U.S. Purchase Subclass). Plaintiffs seek to represent all persons who purchased Nestle Pure Life Purified bottled drinking water in the United States, in the last 4 years.

**Subclass 4**  (U.S Consumption Subclass). Plaintiffs seek to represent all persons who consumed Nestle Pure Life Purified bottled drinking water in the United States, in the last 4 years.

Plaintiff reserves the right to amend these subclasses.

### IV.   CLASS ALLEGATIONS

13.   ***Numerosity.*** The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiff. The true number of the proposed class is known by the Defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

14.   ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed

class and predominate over any questions affecting only individual proposed class members. These common legal and factual questions regarding, among other things, whether bottled water marketed, labeled, and sold as "pure" and "purified" constitutes an actionable act or omission based upon the recent studies finding high levels of plastics in Nestle Pure Life Purified bottled water and include , but are not limited to, the following:

    (a)    whether Defendants had adequate substantiation for their claims prior to making them;

    (b)    whether the advertising claims made by Defendants are true, or are false and/or misleading, or reasonably likely to deceive;

    (c)    whether Defendants' alleged conduct violates public policy;

    (d)    whether the alleged conduct constitutes violations of the laws asserted;

    (e)    whether Defendants engaged in false or misleading advertising;

    (f)    whether Plaintiff and the proposed class have sustained monetary loss and the proper measure of that loss;

    (g)    whether Plaintiff and the proposed class are entitled to an award of punitive damages;

    (h)    whether Plaintiff and the proposed class are entitled to declaratory and injunctive relief; and

    (i)    whether Plaintiff and the proposed class are entitled to restitution.

15.    ***Typicality.*** Plaintiff's claims are typical of the claims of the proposed class in that the Defendants were unjustly enriched as a result of Plaintiff's and the proposed class' respective purchases of the bottled water at issue.

16.     ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the members of the proposed class.  Plaintiff has retained counsel experienced in complex consumer class action litigation.  Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the proposed class.

17.     ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant.  It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if proposed class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

18.     Unless a class action is certified here, Defendants will retain monies received as a result of its conduct that was taken from Plaintiff and proposed class members. Unless a class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the proposed class members and the general public will continue to be misled.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CLAIM FOR RELIEF

### Violation of California False Advertising Laws
### Business and Professional Code §17500 *et seq.*,
### Cal. Civ. Code § 1750 *et seq.*

19.     Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

20.     Plaintiff brings this claim individually and on behalf of the proposed class.

21.     This cause of action is brought pursuant to the California Business and Professions Code § 17200 et seq. and Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* ("CLRA").  Plaintiff and members of the proposed class are consumers as defined by California Civil Code §1761(d). Defendants' water described herein are goods within the meaning of California Civil Code §1761(a).

22.     Plaintiff alleges Defendants, and each of them, violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the proposed class which were intended to result in, and did result in, the sale of the above-referenced water:

(1)     Misrepresenting the source, sponsorship, approval, or certification of goods or services;

(2)     Using deceptive representations or designations of geographic origin in connection with goods or services;

(3)     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

(4)   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(5)   Advertising goods or services with intent not to sell them as advertised.

23.   Defendants' advertising, marketing, packaging, labeling and bottling is misleading, and misrepresents or omits important information to potential purchasers and consumers of Nestle Pure Life Purified bottled water.  Defendants, and each of them, have violated and continue to violate the CLRA by misrepresenting the purity and purification of this water.   Defendants, and each of them, knew or should have known, that the representations and advertisements were false and misleading.  Defendants, and each of them, have intentionally, negligently and recklessly concealed and omitted the truth about the purity and purification of the water sold to the public.  By doing so, Defendants encouraged consumers to purchase bottled water they believed was pure and purified.

24.   Pursuant to California Civil Code §1782(d), Plaintiff and the proposed class seeks a Court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

25.   Pursuant to section 1782 of the Act, by certified letters dated March 21, 2018, Plaintiff and the proposed class notified Defendants in writing by certified mail of the particular violations of the CLRA set forth in §1770, and demanded that Defendants stop the sale, distribution, advertising, marketing, labeling, packaging or bottling of Nestle Pure Life Purified drinking water in California, and to pay full restitution to all affected California consumers.  The CLRA letter was mailed as directed by Civil Code §1782.  Plaintiffs will amend

this Complaint to bring specific claims under the CLRA after the statutory period has passed.

26.     Plaintiffs allege Defendants' conduct is malicious, fraudulent, willful and wanton, and Defendants intentionally misleads and withholds material information from consumers in order to increase the sale of their bottled water. Plaintiff and the class members would not have purchased Nestle Pure Life Purified bottled water had it not been for Defendants' misrepresentations and concealment of material misrepresentations and omissions.

27.     Concurrent with the filing of the complaint in this action, Plaintiffs filed an Affidavit of Venue in accordance with Civil Code section 1780(d).

## SECOND CLAIM FOR RELIEF

### Violation of Business &Professions Code Section 17200, *et seq.*, Section 17500 *et seq.*

28.     Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29.     Plaintiff brings this claim individually and on behalf of the proposed class for the last four years and continuing.

30.     The Unfair Competition Law, Business & Professions Code §17200, et seq. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.  In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, California Health & Safety Code §110390 *et seq.*, 21 U.S.C. §301, *et seq.*, and the common law.

31.     As alleged herein, Defendants' misrepresentations and omissions of material facts, constitute "unfair" business acts and practices within the meaning of Business & Professions Code §§17200, *et seq*., in that Defendants' conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous.

32.     Plaintiff also asserts Defendants violated public policy by withholding material facts regarding, among other things, the purity and purification of its bottled drinking water from consumers.  Defendants' violation of California's consumer protection and unfair competition laws in California resulted in harm to consumers including Plaintiff and the proposed class.

33.      Plaintiff and the proposed class have suffered injury in fact and lost money or property as a result of Defendants' conduct.

34.     Plaintiff and the class she seeks to represent reserve the right to allege other violations of law which constitute other unlawful business acts or practices.

35.     The actions of Defendants constitute "unfair" business acts or practices because, as alleged above herein.

36.     Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to Plaintiff and other purchasers and consumers of Nestle Pure Life Purified drinking water. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct violates the unfair prong of Business & Professions Code § 17200, *et seq*.

37.      Defendants' actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were false, misleading and likely to

deceive the consuming public within the meaning of Business & Professions Code §17200, et seq.

38.     Plaintiff and other members of the proposed class have in fact been deceived as a result of their reasonable reliance on Defendants' representations and omissions as alleged herein.  Plaintiff and other proposed class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

39.     As a result of this conduct, Defendants have been able to reap unjust revenue and profit.

40.     Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct.  Accordingly, Plaintiff alleges injunctive relief is appropriate.

41.     Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the proposed class collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## THIRD CLAIM FOR RELIEF

### Breach of Express Warranty

42.     Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

43.     Plaintiff, and each member of the proposed class, formed a contract with Defendants at the time Plaintiff and the other members of the proposed class purchased Defendants' bottled water based on the representations and warranties made by Defendants, including that Defendants' water is "pure" and "purified".

44.     The terms of sale included promises and affirmations of fact made by Defendants to consumers in Defendants advertisements and through Defendant's long-term and widespread, pervasive marketing campaign, as described herein.

45.     This advertising, marketing, and packaging included express warranties, which became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the proposed class on the one hand, and Defendants on the other. Nestle, through its advertising, marketing and packaging misrepresents the purity and purification of this water.

46.     Defendants, and each of them, breached the terms of their contracts, including the express warranties with Plaintiff and the proposed class by not providing its consumers with the bottled water they believed they were purchasing, as alleged above.

47.     As a result of Defendants' breach, Plaintiff and the proposed class have been damaged as alleged herein.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF FALSE ADVERTISING LAW

### (California Business & Professions Code §§ 17500 *et seq.*)

48.     Plaintiff incorporated by reference and re-alleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

49.     California *Business and Professions* Code section 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

50.     Defendants violated California Business and Professions Code section 17500 by, among other things, misrepresenting the purity and purification of this water.  Nestle Pure Life Purified bottled drinking water was found to contain unacceptable amounts of plastic particles.   These tested bottles showed microplastic contamination.   Defendants' advertising, marketing, packaging,

labeling and bottling is misleading, and misrepresents or omits important information to potential purchasers or consumers of it.

51.    Plaintiffs allege Defendants' deceptive practices were specifically designed to induce Plaintiff and the proposed class to purchase the Nestle Pure Life bottled drinking water over those of Defendants' competitors.  Defendants' deceptive practices were carried out in Defendants' advertising, marketing and packaging, all which misrepresents the purity and purification of Nestle's Pure Life bottled water.

52.    Plaintiff and the proposed class would not have purchased Nestle Pure Life Purified bottled drinking water had it not been for Defendant's omissions, misrepresentations and concealment of material facts regarding whether Nestle Pure Life Purified drinking water is pure or purified.

53.    Plaintiff alleges she and the proposed class were denied the benefit of the bargain when they decided to purchase Nestle's Pure Life Purified bottled drinking water over other brands.  Had Plaintiff and the proposed class been aware that Nestle Pure Life Purified bottled drinking water contained unacceptable amounts of plastic particles and microplastic contamination, they would not have purchased Defendants bottled water.  But for Defendants' false and misleading advertising and labeling, and omissions of fact regarding the purity or purification of this water, Plaintiff and the proposed class would not have purchased or consumed Nestle Pure Life Purified bottled drinking water, who specifically promoted the purity and purification of this bottled water.

54.    The content of the advertisements, as alleged herein, were of a nature likely to deceive a reasonable consumer.  Defendants' advertising, marketing and packaging misrepresents the purity and purification of this water.

55.     Defendants have engaged in an intensive, long-term and pervasive advertising campaign, to which the consumers, including Plaintiff, were exposed, Plaintiff need not present each and every advertisement upon which he relied. *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 328 ("where, as here, a plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements.")

56.     Defendants knew, or in the exercise of reasonable care, should have known, that the representations were untrue or misleading and likely to deceive reasonable purchasers and consumers of their bottled water.

57.     Defendants' misrepresentations and omissions alleged herein are objectively material to the reasonable consumer, and reliance upon such misrepresentations and omissions also established causation between Defendants' conduct and Plaintiff and the proposed class' injuries.

58.     Unless restrained by this Court, Defendant will continue to engage in misleading advertising, as alleged above, in violation of California Business and Professions Code section 17500.

59.     As a result of the foregoing, Plaintiff and the proposed class have been injured in fact and lost money or property, and they are entitled to restitution and injunctive relief.

## FIFTH CLAIM FOR RELIEF
## FRAUD

60.     Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

61.     Plaintiff brings this cause of action on behalf of herself and the members of the proposed class.

62.     When Defendants advertised and labeled, and continue to advertise and label, Nestle Pure Life Purified drinking water to consumers as "pure" and "purified" Defendants knew these advertising statements were false and misleading.

63.     Plaintiff and the proposed class would not have reasonably decided to purchase or consume Defendants' drinking water but for Defendants' false and misleading representations and concealment of material facts.

64.     By misrepresenting and concealing material information about Nestle Pure Life Purified drinking water, Defendants intended to induce, and did reasonably induce, Plaintiff and the proposed class into purchasing and consuming this water.

65.     Plaintiff and the proposed class justifiably relied on the representations made by Defendants about Nestle Pure Life Purified drinking water.

66.     Defendants representations and omissions regarding the Pure Life Purified bottled water, namely that the water is pure and purified, were made with knowledge or with reckless disregard for the true purity and purification of the water.

67.     Defendants and each of them: made representations, as facts, which were not true and Defendants did not believe to be true at the time made; made assertions, as facts, which were not true and Defendants had no reasonable grounds for believing to be true at the times they were made; misled the public, through misleading images and in other manners (e.g., by misrepresenting the purity and purification of the water; and/or suppressed facts, which it was bound to disclose, or give information of other facts which were likely to mislead for want of communications of the suppressed facts.

68.     As a result of Defendants' wrongful conduct, Plaintiff and the proposed class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to monies paid for the water, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

69.     As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff and the proposed class has been damaged in an amount according to proof at trial.

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT MISRPRESENTATION

70.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

71.     Defendants had a reasonable duty of care to its consumers to not advertise, market and label Nestle Pure Life Purified drinking water as "pure" and "purified" if in fact this water contains high levels of plastic particles. Defendants, directly or through its agents and employees, breached this duty of care by making the false representations, concealments, and nondisclosures to Plaintiffs and the proposed class as alleged herein.  Defendants breached the duties owed to Plaintiff, its consumers by engaging in a long-term advertising marketing and labeling practice of false and misleading statements which deceive and mislead, and which continue to deceive and mislead, consumers about Nestle Pure Life Purified bottled water.

72.     In making the representations of fact to Plaintiff and the proposed class described herein, Defendants and each of them, have, at a minimum, negligently failed to fulfill its duties to disclose the material facts pertaining to the water in question.

73.     In making these representations and omissions, and in doing the acts alleged above, Defendants acted without any reasonable or correct grounds for marketing and labeling this bottled water as pure and purified.  These omissions and representations were untrue, and Defendants either (a) intended by said representations to induce the reliance of Plaintiff and the proposed class, or (b) acted with negligent and reckless disregard of the possibility that Plaintiff and the proposed class would rely on these representations, to their detriment.

74.     Plaintiff and the proposed class did in fact reasonably rely, and continue to rely on these false representations, concealments and nondisclosures by Defendants when purchasing Nestle Pure Life Purified bottled drinking water, and this reliance was justified.

75.     As a result of Defendants' wrongful conduct, Plaintiff and the proposed class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for water, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

## SEVENTH CLAIM FOR RELIEF
### RESTITUTION

76.     Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

77.     As a proximate result of the wrongful conduct described herein by Defendants and each of them, Plaintiff and the proposed class have suffered and continue to suffer damages, and are entitled to a return of all monies paid to Defendants for the water in question.

78.     Plaintiff seeks restitution of all moneys paid to purchasers of Nestle Pure Life Purified bottled water in the last four years.

BAKER v. NESTLE, ET AL. COMPLAINT

# EIGHTH CLAIM FOR RELIEF

## INJUNCTION

79.    Plaintiff incorporates all previous paragraphs of this complaint as though full set forth herein.

80.    Plaintiff seeks injunctive relief under the CLRA to prohibit the unlawful acts alleged herein, which threaten ongoing and future injury to the general public.  Plaintiff seeks injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful. Plaintiff also seek injunctive relief ordering Defendants to engage in a corrective advertising campaign and to stop the sale, distribution, advertising, marketing, labeling, packaging or bottling of Nestle Pure Life Purified drinking water in California, and to pay full restitution to all affected California consumers.

81.    Defendants' bottled water advertising and marketing practices caused Plaintiff suffer, and continues to suffer from false advertising and fraud damages.

82.    Plaintiff seeks to enjoin Defendants' continuing false and misleading advertisements and labeling regarding the Nestle's Pure Life Purified bottled drinking water being pure or purified.

83.    Plaintiff and the proposed class do not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

84.    If not enjoined, Defendants will continue to engage in the unfair and illegal false advertising to its consumers.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and the class, prays for a judgment:

1.      Certifying the proposed class lass as requested herein, and appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

2.      Awarding Plaintiff and the proposed class all due damages, including actual economic damages and general and specific damages;

3.      Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed class;

4.      Awarding injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

5.      Awarding injunctive relief ordering Defendants to engage in a corrective advertising campaign and to stop the sale, distribution, advertising, marketing, labeling, packaging or bottling of Nestle Pure Life Purified drinking water in California, and to pay full restitution to all affected California consumers;

6.      Awarding attorneys' fees and costs to Plaintiff's counsel;

7.      Awarding punitive damages as against Defendants;

8.      Awarding damages, fines and penalties against Defendants as permitted by law;

9.      Providing such further relief as may be just and proper.

///
///
///
///

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED:** April 11, 2018                    **HAMNER LAW OFFICES, APLC**

/s/ Christopher J. Hamner

_____

By:  Christopher J. Hamner, Esq.
Attorneys for Plaintiff Cindy Baker on
behalf of herself, and others similarly
situated