Christopher J. Hamner, Esq. (SBN 197117)
Evelina Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
5023 Calabasas Parkway
Calabasas, California 91302
Telephone: (818) 876-9631
chamner@hamnerlaw.com
eserafini@hamnerlaw.com

Attorneys for Plaintiff, CINDY BAKER, on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DISTRICT

| | |
|---|---|
| CINDY BAKER, on behalf of herself and all other similarly situated,<br><br>Plaintiff<br><br>v.<br><br>NESTLE WATERS NORTH AMERICA, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:18-cv-03097-VAP-PJW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF MAGNUSON MOSS WARRANTY ACT, 15 USC 32301 *et seq.***<br>2. **VIOLATION OF CALIFORNIA FALSE ADVERTISING LAWS [Business and Professional Code §17500 *et seq.*, Cal. Civ. Code § 1750 *et seq.*]**<br>3. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW [Bus. & Prof. Code § 17200]**<br>4. **BREACH OF EXPRESS WARRANTY**<br>5. **FRAUD**<br>6. **NEGLIGENT MISREPRESENTATION**<br>7. **RESTITUTION**<br>8. **INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff Cindy Baker, on behalf of herself and all others similarly situated brings this action against defendant Nestle Waters North America, and DOES 1 through 100 and state:

## I.   PARTIES

### A. <u>Plaintiff</u>

1.      Plaintiff Cindy Baker ("Plaintiff") is a California resident who on multiple occasions in the year prior to the filing of this action purchased and consumed Nestle Pure Life Purified bottled water for herself and her family in Los Angeles, California.  On about October 31, 2017, Plaintiff purchased a case of Nestle Pure Life Purified bottled water for her and her family at the Smart & Final located in Encino, California.

### B. <u>Defendants</u>

2.      Defendant Nestle Waters North America ("Nestle" or "Defendant") is a Delaware corporation located in Arlington, Virginia, and doing business throughout California, including the County of Los Angeles.

3.      Plaintiff is informed and believes, and based thereon alleges that at all times relevant to this action, the named defendant and defendants DOES 1 through 10 were affiliated and were an integrated enterprise.

## II.    FACTUAL ALLEGATIONS

4.      Defendant advertises, markets and sells to the public its bottled drinking water brand, Nestle Pure Life Purified.  Plaintiff alleges recent testing and analysis of Defendant's "Pure Life Purified" drinking water shows Defendant's drinking water is not of pure or purified quality, but instead contains high levels of plastics and micro plastics.

5.      Plaintiff alleges that Defendant's conduct violates the Magnuson

BAKER v. NESTLE, ET AL.
FIRST AMENDED COMPLAINT

Moss Warranty Act, 15 U.S.C. §§2301, *et seq.* (the "MMWA"), gives rise to common law fraud, violates the unlawful unfair, and fraudulent prongs of the Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.* (the "UCL"), violates the False Advertising Law, Cal. Bus. & Prof. Code §§17500, *et seq.* (the "FAL"), and violates the Consumers Legal Remedies Act, Cal. Civ. Code §§1750, *et seq.* (the "CLRA"). Plaintiff also alleges that Defendant's conduct is grounds for restitution on the basis of quasi-contract.

6.      Recent testing and analysis of various drinking water brands was conducted as part of a study at the State University of New York in Fredonia. (*See* Synthetic Polymer Contamination in Bottled Water Report, State University of New York in Fredonia, attached as Exhibit A to this pleading, herein after "the Report".)

7.      The Report found Nestle Pure Life Purified bottled drinking water contained high levels of plastics. Defendant's Pure Life Purified drinking water was also found to contain "micro plastics" such as polypropylene, nylon, and polyethylene terephthalate.

8.      Tests on more than 250 bottles from 11 brands showed contamination with plastic particles in the 100 micron, or 0.10 millimeter size range, compared to a global average of 10.4 plastic particles per liter. Tests on Defendant's drinking water showed Defendant's Pure Life Purified drinking water had a concentration of more than 10,000 particles of plastics per liter. This was the most of the brands tested.

9.      The Report states that "[the] data suggests contamination is at best partially coming from the packaging and / or the bottling process."

10.      Research has shown some plastic particles found in drinking water

BAKER v. NESTLE, ET AL.
FIRST AMENDED COMPLAINT

might lodge in the intestinal wall, while others might be taken up by intestinal tissue to travel through the body's lymphatic system.  Particles around 110 microns in size (0.11 millimeters) can be taken into the body's hepatic portal vein, which carries blood from the intestines, gallbladder, pancreas and spleen to the liver. Smaller debris, such as "micro plastics", in the range of 20 microns (0.02 millimeters) in drinking water have been shown to enter the bloodstream before it lodges in the kidneys and liver, according to the UN's Food and Agriculture Organization.

11.     Plaintiff alleges she would not have purchased or consumed Nestle Pure Life Purified bottled water if she knew about the high levels of plastics and micro plastics contained in this water.  Plaintiff alleges based on Defendant's "pure" and "purified" representations on its water bottle labels, a reasonably prudent consumer would not expect Nestle Pure Life Purified drinking water to include synthetic or artificial ingredients, especially the potentially harmful plastics and micro plastics described herein.

12.     Plaintiff alleges Defendant profited unfairly from the marketing and sale of its Nestle Pure Life Purified drinking bottled water in California to Plaintiff and the proposed class.

13.     Plaintiff alleges she and the proposed class did not receive the "pure" or "purified" water they bargained for when she and the proposed class purchased Defendant's drinking water.  Plaintiff and the proposed class have lost money as a result of paying a premium for this commercially sold drinking product, which she and the proposed class would not have otherwise purchased.

14.     Plaintiff alleges had she known that Defendant's representations that

BAKER v. NESTLE, ET AL.
FIRST AMENDED COMPLAINT

its drinking water was "pure" and "purified" were false, she and the proposed class would not have reasonably purchased Defendant's drinking water, and would have reasonably purchased another brand.

15.     Plaintiff alleges Defendant's conduct alleged herein is false and misleading and violates both California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law), §111730 and other applicable state laws. Defendant's exact and identical conduct which violates the Sherman Law and other applicable states laws also violates the Federal Food, Drug and Cosmetic Act ("FDCA") 21 U.S.C. §362(a).

16.     Plaintiff alleges the exact and identical conduct alleged herein, and only this conduct, serves as the sole factual basis of each state law cause of action brought in this First Amended Complaint, and Plaintiff does not seek to enforce, on behalf of herself or the proposed class, any of the state law claims raised herein to impose any standard of conduct that exceeds that which would violate the FDCA and regulations adopted pursuant thereto.

17.     Plaintiff alleges her state law claims are not preempted by the FDCA because Plaintiff's claims for California state law violations seek to enforce the same standard of conduct required by federal law.

18.     Plaintiff alleges that for any and all of Plaintiff's state law causes of action, the allegations supporting those causes of action and any relief sought for those state law causes of action, are the sole basis for this lawsuit.

19.     Plaintiff expressly disclaims any attempt to hold Defendant to a higher standard of conduct than what is required under federal law, and Plaintiff does not for herself or for any class member seek any form of relief based on any conduct exceeding what is required under federal law.

20.     Plaintiff seeks to represent the following class of California

BAKER v. NESTLE, ET AL.
FIRST AMENDED COMPLAINT

consumers pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons who purchased Nestle Pure Life Purified bottled drinking water in California, in the 4 years prior to the filing of this action, and continuing.**

Plaintiff reserves the right to amend this class definition or to add subclasses.

## IV.   CLASS ALLEGATIONS

21.   ***Numerosity.*** The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiff. The true number of the proposed class is known by the Defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

22.   ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. These common legal and factual questions regarding, among other things, whether bottled water marketed, labeled, and sold as "pure" and "purified" constitutes an actionable act or omission based upon the recent studies finding high levels of plastics in Nestle Pure Life Purified bottled water and include , but are not limited to, the following:

(a)   whether Defendant had adequate substantiation for their claims prior to making them;

(b)   whether the advertising claims made by Defendant are true, or are false and/or misleading, or reasonably likely to deceive;

(c)   whether Defendant's alleged conduct violates public policy;

(d)     whether the alleged conduct constitutes violations of the laws
        asserted;

(e)     whether Defendant engaged in false or misleading advertising;

(f)     whether Plaintiff and the proposed class have sustained
        monetary loss and the proper measure of that loss;

(g)     whether Plaintiff and the proposed class are entitled to an award
        of punitive damages;

(h)     whether Plaintiff and the proposed class are entitled to
        declaratory and injunctive relief; and

(i)     whether Plaintiff and the proposed class are entitled to
        restitution.

23.     ***Typicality.*** Plaintiff's claims are typical of the claims of the proposed
class in that the Defendants were unjustly enriched as a result of Plaintiff's and the
proposed class' respective purchases of the bottled water at issue.

24.     ***Adequacy of Representation.*** Plaintiff will fairly and adequately
protect the interests of the members of the proposed class.  Plaintiff has retained
counsel experienced in complex consumer class action litigation.  Plaintiff intends
to prosecute this action vigorously. Plaintiff has no adverse or antagonistic
interests to those of the proposed class.

25.     ***Superiority.*** A class action is superior to all other available means for
the fair and efficient adjudication of this controversy. The damages or other
financial detriment suffered by individual proposed class members is relatively
small compared to the burden and expense that would be entailed by individual
litigation of their claims against the Defendant.  It would thus be virtually
impossible for the class, on an individual basis, to obtain effective redress for the
wrongs done to them.  Furthermore, even if proposed class members could afford

BAKER v. NESTLE, ET AL.
FIRST AMENDED COMPLAINT

such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

26.     Unless a class action is certified here, Defendant will retain monies received as a result of its conduct that was taken from Plaintiff and proposed class members. Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the proposed class members and the general public will continue to be misled.

### FIRST CLAIM FOR RELIEF

**Magnuson Moss Warranty Act, 15 U.S.C. §§2301, *et seq.*** **Violation of Written Warranty Under Federal Law**

27.     Plaintiff hereby incorporates all other paragraphs of this First Amended Complaint and restate them as if they were fully set forth herein. This claim is brought by Plaintiff on behalf of herself and the proposed class of purchasers of Nestle Pure Life Purified drinking water solely for breach of federal law.  This claim is not based on any violation of state law.

28.     The MMWA, 15 U.S.C. §§2301, *et seq.*, creates a private federal cause of action for breach of a "written warranty" as defined by the Act. 15 U.S.C. §2301(6) and §2310(d)(1).

29.     Defendant's bottled drinking water is a "consumer product" as that

term is defined by 15 U.S.C. §2301(1), as they constitute tangible personal property which is distributed in commerce and which is normally used for personal, family or household purposes.

30.    Plaintiff and members of the proposed class are "consumers" as defined by 15 U.S.C. §2301(3), since they are buyers of Defendant's bottled drinking water for purposes other than resale.

31.    Defendant is an entity engaged in the business of making its bottled drinking water available, either directly or indirectly, to consumers such as Plaintiff and the proposed class. As such, Defendant is a "supplier" as defined in 15 U.S.C. §2301(4).

32.    Through their labeling, Defendant gave and offered a written warranty to consumers relating to the nature and quality of the ingredients in Defendant's bottled drinking water. As a result, Defendant is a "warrantor" within the meaning of 15 U.S.C. §2301(5).

33.    Plaintiff alleges Defendant provided a "written warranty" within the meaning of 15 U.S.C. 2301(6) for its bottled drinking water by prominently affirming and promising in writing on the labeling of the bottled water that they were "pure" and "purified".

34.    Plaintiff alleges Defendant breached its written warranty by Defendant failing to provide pure and purified drinking water to Plaintiff and all other California purchasers of this product. Since Defendant's bottled drinking water did not have the requisite qualities and character promised by Defendant's written warranties, Defendant's bottled drinking water was not defect free, and did not comply with Defendant's obligation under the written warranty to reasonably supply "pure" and "purified" bottled drinking water to Plaintiff and the proposed class.

9

35.     Plaintiff alleges Defendant was provided notice and a reasonable opportunity to cure the defects in Defendant's bottled drinking water, and remedy the harm to Plaintiff and the proposed class, as set forth in Plaintiff's letter to Defendant dated March 30, 2018.

36.     All California state law causes of action asserted in this First Amended Complaint, the allegations supporting those state law causes of action asserted herein and any forms of relief sought for those state law causes of action asserted herein shall be read consistent with the scope of Plaintiff's factual assertions alleged herein.

37.     Plaintiff on behalf of herself and the proposed class is entitled to recover "damages and other legal and equitable relief" and "costs and expenses" as provided in 15 U.S.C. §2310(d).

## SECOND CLAIM FOR RELIEF

### Violation of California False Advertising Laws
### Business and Professional Code §17500 *et seq.*,
### Cal. Civ. Code § 1750 *et seq.*

38.     Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

39.     Plaintiff brings this claim individually and on behalf of the proposed class.

40.     This cause of action is brought pursuant to the California Business and Professions Code § 17200 et seq. and Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* ("CLRA"). Plaintiff and members of the proposed class are consumers as defined by California Civil Code §1761(d). Defendant's drinking water described herein are goods within the meaning of California Civil Code §1761(a).

41.     Plaintiff alleges Defendant violated and continues to violate the

BAKER v. NESTLE, ET AL.
FIRST AMENDED COMPLAINT

CLRA by engaging in conduct alleged herein which violates California Civil Code §1770(a) which was intended to result in, and did result in, the sale of Defendant's drinking water:

    (1)    Misrepresenting the source, sponsorship, approval, or certification of goods or services;

    (2)    Using deceptive representations or designations of geographic origin in connection with goods or services;

    (3)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

    (4)    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

    (5)    Advertising goods or services with intent not to sell them as advertised.

42. Plaintiff alleges Defendant's advertising, marketing, packaging, labeling and bottling is misleading, and misrepresents or omits important information to potential purchasers and consumers of Nestle Pure Life Purified bottled water. Plaintiff alleges Defendant has violated and continues to violate the CLRA by misrepresenting the purity and purification of this water. Defendant knew or should have known that these representations and advertisements were false and misleading. Defendant has intentionally, negligently and recklessly concealed and omitted the truth about the lack of purity and purification of its drinking water sold to the public.

43. Plaintiff alleges pursuant to California Civil Code §1782(d), Plaintiff

and the proposed class seeks a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

44.      Plaintiff alleges pursuant to section 1782 of the Act, by certified letters dated March 21, 2018, Plaintiff and the proposed class notified Defendant in writing by certified mail of the particular violations of the CLRA set forth in §1770, and demanded that Defendant stop the sale, distribution, advertising, marketing, labeling, packaging or bottling of Nestle Pure Life Purified drinking water in California, and to pay full restitution to all affected California consumers. The CLRA letter was mailed as directed by Civil Code §1782.  Plaintiff will amend this Complaint to bring specific claims under the CLRA after the statutory period has passed.

45.      Concurrent with the filing of the complaint in this action, Plaintiff filed an Affidavit of Venue in accordance with Civil Code section 1780(d).

## THIRD CLAIM FOR RELIEF

### Violation of Business &Professions Code Section 17200, *et seq.,* Section 17500 *et seq.*

46.      Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47.      Plaintiff brings this claim individually and on behalf of the proposed class for the last four years and continuing.

48.      The Unfair Competition Law, Business & Professions Code §17200, *et seq*. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.  In the course of conducting business, Defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and

violating Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code §§17200, *et seq*., 17500, *et seq*., California Health & Safety Code §110390 *et seq*., 21 U.S.C. §301, *et seq*., and the common law.

49.     As alleged herein, Defendant's misrepresentations and omissions of material facts, constitute "unfair" business acts and practices within the meaning of Business & Professions Code §§17200, *et seq*., in that Defendant's conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous.

50.     Plaintiff also asserts Defendant violated public policy by withholding material facts regarding, among other things, the purity and purification of its bottled drinking water, from consumers.  Defendant's violation of California's consumer protection and unfair competition laws has resulted in harm to consumers including Plaintiff and the proposed class.

51.     Plaintiff and the proposed class have suffered injury in fact and lost money or property as a result of Defendant's conduct.

52.     Plaintiff and the class she seeks to represent reserve the right to allege other violations of law which constitute other unlawful business acts or practices.

53.     The actions of Defendant constitute "unfair" business acts or practices because, as alleged above herein.

54.     Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to Plaintiff and other purchasers and consumers of Nestle Pure Life Purified drinking water. Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct violates the unfair prong of Business & Professions Code § 17200, *et seq*.

13

55.     Defendant's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were false, misleading and likely to deceive the consuming public within the meaning of Business & Professions Code §17200, et seq.

56.     Plaintiff and other members of the proposed class have in fact been deceived as a result of their reasonable reliance on Defendant's representations and omissions as alleged herein.  Plaintiff and the proposed class have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

57.     As a result of this conduct, Defendant has been able to reap unjust revenue and profit.

58.     Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct.  Accordingly, Plaintiff alleges injunctive relief is appropriate.

59.     Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks an injunction prohibiting Defendant from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## FOURTH CLAIM FOR RELIEF

### Breach of Express Warranty

60.     Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

61.     Plaintiff alleges, and each member of the proposed class, formed a contract with Defendant at the time Plaintiff and the other members of the proposed class purchased Defendant's bottled water based on the representations

14

and warranties made by Defendant, including that Defendant's water is "pure" and "purified".

62.    Plaintiff alleges the terms of sale included promises and affirmations of fact made by Defendant to consumers in Defendant's advertisements and through Defendant's long-term and widespread, pervasive marketing campaign, as described herein.

63.    Defendant's advertising, marketing, and packaging included express warranties, which became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the proposed class on the one hand, and Defendant on the other.  Defendant, through its advertising, marketing and packaging misrepresents the purity and purification of its water.

64.    Plaintiff alleges Defendant breached the terms of their contracts, including the express warranties with Plaintiff and the proposed class by not providing its consumers with the bottled water they believed they were purchasing, as alleged above.

65.    As a result of Defendant's breach, Plaintiff and the proposed class have been damaged as alleged herein.

## <u>FIFTH CLAIM FOR RELIEF</u>

### VIOLATION OF FALSE ADVERTISING LAW

### (California Business & Professions Code §§ 17500 *et seq.*)

66.    Plaintiff incorporated by reference and re-alleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

67.    California *Business and Professions* Code section 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

68.    Defendant violated California Business and Professions Code section

BAKER v. NESTLE, ET AL.
FIRST AMENDED COMPLAINT

17500 by, among other things, misrepresenting the purity and purification of Defendant's water.  Nestle Pure Life Purified bottled drinking water was found to contain unacceptable amounts of plastic particles.   These tested bottles showed micro plastic contamination.   Defendant's advertising, marketing, packaging, labeling and bottling is misleading, and misrepresents or omits important information to potential purchasers or consumers of it.

69.     Plaintiff alleges Defendant's deceptive practices were specifically designed to induce Plaintiff and the proposed class to purchase the Nestle Pure Life bottled drinking water over those of Defendant's competitors.  Defendant's deceptive practices were carried out in Defendant's advertising, marketing and packaging, all which misrepresents the purity and purification of Nestle's Pure Life bottled water.

70.     Plaintiff and the proposed class would not have purchased Nestle Pure Life Purified bottled drinking water had it not been for Defendant's omissions, misrepresentations and concealment of material facts regarding whether Nestle Pure Life Purified drinking water is pure or purified.

71.     Plaintiff alleges she and the proposed class were denied the benefit of the bargain when they decided to purchase Nestle's Pure Life Purified bottled drinking water over other brands.  Had Plaintiff and the proposed class known that Nestle Pure Life Purified bottled drinking water contained unacceptable amounts of plastic particles and micro plastic contamination, they would not have purchased Defendant's bottled water.  But for Defendant's false and misleading advertising and labeling, and omissions of fact regarding the purity or purification of this water, Plaintiff and the proposed class would not have purchased or consumed Nestle Pure Life Purified bottled drinking water, who specifically promoted the purity and purification of this bottled water.

72.     Plaintiff alleges the content of the advertisements, as alleged herein, were of a nature likely to deceive a reasonable consumer.  Defendant's advertising, marketing and packaging misrepresents the purity and purification of this water.

73.     Defendant has engaged in an intensive, long-term and pervasive advertising campaign, to which the consumers, including Plaintiff, were exposed, Plaintiff need not present each and every advertisement upon which he relied.  *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 328 ("where, as here, a plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements.")

74.     Defendant knew, or in the exercise of reasonable care, should have known, that the representations that its drinking water was pure and purified were untrue or misleading and likely to deceive reasonable purchasers and consumers of their bottled water.

75.     Defendant's misrepresentations and omissions alleged herein are objectively material to the reasonable consumer, and reliance upon such misrepresentations and omissions also establishes causation between Defendant's conduct and Plaintiff and the proposed class' injuries.

76.     As a result of the foregoing, Plaintiff and the proposed class have been injured in fact and lost money or property, and they are entitled to restitution and injunctive relief.

77.     Unless restrained by this Court, Defendant will continue to engage in misleading advertising, as alleged above, in violation of California Business and Professions Code section 17500.

## SIXTH CLAIM FOR RELIEF

### FRAUD

78.     Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

79.     Plaintiff brings this cause of action on behalf of herself and the members of the proposed class.

80.     When Defendant advertised and labeled Nestle Pure Life Purified drinking water as "pure" and "purified" Defendant knew these advertising statements were false and misleading.

81.     Plaintiff and the proposed class would not have reasonably decided to purchase or consume Defendant's drinking water but for Defendant's false and misleading representations and concealment of material facts.

82.     By misrepresenting and concealing material information about Nestle Pure Life Purified drinking water, Defendant intended to induce, and did reasonably induce, Plaintiff and the proposed class to purchase and consume this water.

83.     Plaintiff and the proposed class justifiably and reasonably relied on the representations made by Defendant about Nestle Pure Life Purified drinking water.

84.     Defendant's representations and omissions regarding the Pure Life Purified bottled water, namely that the water is pure and purified, were made with knowledge or with reckless disregard for whether this drinking water was actually pure or purified.

85.     Defendant made representation of facts which were not true and Defendant could not believe to be true at the time made, and  made assertions of fact, which were not true and Defendant had no reasonable grounds for believing

to be true at the times they were made, misled the public, through misleading images and in other manners (e.g., by misrepresenting the purity and purification of the water) and/or suppressed facts, which it was bound to disclose, or give information of other facts which were likely to mislead for want of communications of the suppressed facts.

86.     As a result of Defendant's wrongful conduct, Plaintiff and the proposed class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to monies paid for the water, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

87.     As a direct and proximate result of Defendant's misrepresentations and omissions, Plaintiff and the proposed class has been damaged in an amount according to proof at trial.

## SEVENTH CLAIM FOR RELIEF
### NEGLIGENT MISRPRESENTATION

88.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

89.     Defendant had a reasonable duty of care to its consumers to not advertise, market and label Nestle Pure Life Purified drinking water as "pure" and "purified" if in fact this water contains high levels of plastic particles. Defendant, directly or through its agents and employees, breached this duty of care by making the false representations, concealments, and nondisclosures to Plaintiffs and the proposed class as alleged herein.  Defendant breached the duties owed to Plaintiff, its consumers by engaging in a long-term advertising marketing and labeling practice of false and misleading statements which deceive and mislead, and which

continue to deceive and mislead, consumers about Nestle Pure Life Purified bottled water.

90.      In making the representations of fact to Plaintiff and the proposed class described herein, Defendant has, at a minimum, negligently failed to fulfill its duties to disclose the material facts pertaining to the water in question.

91.      In making these representations and omissions, and in doing the acts alleged above, Defendant acted without any reasonable or correct grounds for marketing and labeling this bottled water as pure and purified.  These omissions and representations were untrue, and Defendant either (a) intended by said representations to induce the reliance of Plaintiff and the proposed class, or (b) acted with negligent and reckless disregard of the possibility that Plaintiff and the proposed class would rely on these representations, to their detriment.

92.      Plaintiff and the proposed class did in fact reasonably rely, and continue to rely on these false representations, concealments and nondisclosures by Defendant when purchasing Nestle Pure Life Purified bottled drinking water, and this reliance was justified.

93.      As a result of Defendant's wrongful conduct, Plaintiff and the proposed class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for water, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

94.      Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

95.      As a proximate result of the wrongful conduct described herein by

Defendant, Plaintiff and the proposed class have suffered and continue to suffer damages, and are entitled to a return of all monies paid to Defendant for the water in question.

96.     Plaintiff seeks restitution of all moneys paid to purchasers of Nestle Pure Life Purified bottled water in the last four years.

**NINTH CLAIM FOR RELIEF**

**INJUNCTION**

97.     Plaintiff incorporates all previous paragraphs of this complaint as though full set forth herein.

98.     Plaintiff seeks injunctive relief under the CLRA to prohibit the unlawful acts alleged herein, which threaten ongoing and future injury to the general public.  Plaintiff seeks injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful. Plaintiff also seek injunctive relief ordering Defendant to engage in a corrective advertising campaign and to stop the sale, distribution, advertising, marketing, labeling, packaging or bottling of Nestle Pure Life Purified drinking water in California, and to pay full restitution to all affected California consumers.

99.     Plaintiff seeks to enjoin Defendant's continuing false and misleading advertisements and labeling regarding the Nestle Pure Life Purified bottled drinking water being pure or purified.

100.     Plaintiff and the proposed class do not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

101.     If not enjoined, Defendant will continue to engage in the unfair and illegal false advertising to its consumers.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and the class, prays for a judgment:

1.     Certifying the proposed class lass as requested herein, and appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

2.     Awarding Plaintiff and the proposed class all due damages, including actual economic damages and general and specific damages;

3.     Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed class;

4.     Awarding injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

5.     Awarding injunctive relief ordering Defendant to engage in a corrective advertising campaign and to stop the sale, distribution, advertising, marketing, labeling, packaging or bottling of Nestle Pure Life Purified drinking water in California, and to pay full restitution to all affected California consumers;

6.     Awarding attorneys' fees and costs to Plaintiff's counsel;

7.     Awarding punitive damages as against Defendant;

8.     Awarding damages, fines and penalties against Defendant as permitted by law;

9.     Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED:** October 29, 2018          **HAMNER LAW OFFICES, APLC**

/s/ Christopher J. Hamner

_____

By:  Christopher J. Hamner, Esq.
Attorneys for Plaintiff Cindy Baker on
behalf of herself, and others similarly
situated

BAKER v. NESTLE, ET AL.
FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants.

/s/ Christopher J. Hamner
Christopher J. Hamner, Esq.

PROOF OF SERVICE