Christopher J. Hamner, Esq. (SBN 197117)
Evelina Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
5023 Calabasas Parkway
Calabasas, California 91302
Telephone: (818) 876-9631
chamner@hamnerlaw.com
eserafini@hamnerlaw.com

Attorneys for Plaintiff, CINDY BAKER, on behalf of herself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DISTRICT**

| | |
|---|---|
| CINDY BAKER, on behalf of herself and all other similarly situated,<br><br>Plaintiff<br><br>v.<br><br>NESTLE WATERS NORTH AMERICA, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:18-cv-03097-VAP-PJW<br><br>**PLAINTIFF'S MEMORANDUM OR POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   December 17, 2018<br>Time:  2:00 p.m.<br>Judge: Hon. Virginia A. Philips |

1

BAKER v. NESTLE, ET AL.
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff Cindy Baker, on behalf of herself and all others similarly situated submits this Opposition to the Motion to Dismiss Plaintiff's First Amended Complaint filed by defendant Nestle Waters North America.

## I. INTRODUCTION

Defendant argues Plaintiff's claims are preempted by § 406A of the FDCA. However, Plaintiff's claims are not preempted if Plaintiff seeks a parallel state law duty. Plaintiff seeks relief under California's UCL and CLRA, which seek to enforce such parallel duties as the FDCA.

Plaintiff's FAC is based on Defendant's violation of the California UCL and CLRA and that exact conduct is parallel to the duties the FDCA seeks to enforce. Plaintiff's UCL and CLRA claims are therefore not preempted.

Plaintiff has alleged the exact and identical conduct alleged herein, and only this conduct, serves as the sole factual basis of each state law cause of action brought in this First Amended Complaint ("FAC"), and Plaintiff has alleged she expressly does not seek to enforce, on behalf of herself or the proposed class, any of the state law claims raised herein to impose any standard of conduct that exceeds that which would violate the FDCA and regulations adopted pursuant thereto (FAC ¶ 16).

Plaintiff has also expressly disclaimed any attempt to hold Defendant to a higher standard of conduct than what is required under federal law, and Plaintiff does not for herself or for any class member seek any form of relief based on any conduct exceeding what is required under federal law (FAC ¶ 19).

Plaintiff has adequately alleged she and the proposed class did not receive the "pure" or "purified" water they bargained for when she and the proposed class purchased Defendant's drinking water, and that Plaintiff and the proposed class have lost money as a result of paying a premium for this commercially sold

drinking product, which she and the proposed class would not have otherwise purchased. Plaintiff submits these allegations are specific and adequate, however if the court disagrees, Plaintiff respectfully requests the opportunity to amend.

## II.  ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff alleges Defendant's Pure Life Purified drinking water was also found to contain "micro plastics" such as polypropylene, nylon, and polyethylene terephthalate (FAC ¶ 7), and that tests on more than 250 bottles from 11 brands showed contamination with plastic particles in the 100 micron, or 0.10 millimeter size range, compared to a global average of 10.4 plastic particles per liter.  Tests on Defendant's drinking water showed Defendant's Pure Life Purified drinking water had a concentration of more than 10,000 particles of plastics per liter (FAC ¶ 7). Plaintiff alleges the data suggests contamination is at best partially coming from the packaging and / or the bottling process." (FAC ¶ 9).

Plaintiff alleges she would not have purchased or consumed Nestle Pure Life Purified bottled water if she knew about the high levels of plastics and micro plastics contained in this water (FAC ¶ 11).  Plaintiff alleges based on Defendant's "pure" and "purified" representations on its water bottle labels, a reasonably prudent consumer would not expect Nestle Pure Life Purified drinking water to include synthetic or artificial ingredients, especially the potentially harmful plastics and micro plastics described herein  (FAC ¶ 11).  Plaintiff alleges Defendant profited unfairly from the marketing and sale of its Nestle Pure Life Purified drinking bottled water in California to Plaintiff and the proposed class (FAC ¶ 12).

Plaintiff alleges the exact and identical conduct alleged herein, and only this conduct, serves as the sole factual basis of each state law cause of action brought in this First Amended Complaint, and Plaintiff does not seek to enforce, on behalf of herself or the proposed class, any of the state law claims raised herein

to impose any standard of conduct that exceeds that which would violate the FDCA and regulations adopted pursuant thereto. (FAC ¶ 16).

Plaintiff alleges in her FAC that her state law claims are not preempted by the FDCA because Plaintiff's claims for California state law violations seek to enforce **the same standard of conduct required by federal law**. (FAC ¶ 17). ((Emphasis added.)

Plaintiff alleges in her FAC that for any and all of Plaintiff's state law causes of action, the allegations supporting those causes of action and any relief sought for those state law causes of action, **are the sole basis for this lawsuit**. (FAC ¶ 18) (Emphasis added.)

In her FAC, Plaintiff expressly disclaims any attempt to hold Defendant to a higher standard of conduct than what is required under federal law, and Plaintiff does not for herself or for any class member seek any form of relief based on any conduct exceeding what is required under federal law. (FAC ¶ 19).

### III.  LEGAL ARGUMENT

#### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to ask the court to dismiss a case for failure to state a claim upon which relief can be granted. Motions to dismiss for failure to state a claim are "rarely granted". *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 2001).  In considering a motion to dismiss for failure to state a claim, the court must accept all well-pleaded facts as true, viewing the facts in a light most favorable to the plaintiff.  *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005).  Inquiry into adequacy of evidence is improper. *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).

A complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  This

standard is met where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, *supra*, *Twombly*, 550 U.S. 544, 570 (2007). The U.S. Supreme Court imposes a "plausibility" standard for complaints, not a "probability" requirement. *Twombly,* 550 U.S. 544, 570 (2007). A court may not dismiss a complaint "unless it appears beyond doubt that that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### B. FDCA § 403A does not Preempt Plaintiff's UCL or CLRA claims

In the context of §403 A preemption, a state law claim must rely on an independent state law duty that parallels or mirrors the FDCA's requirement to survive preemption. (*Patane v. Nestle Waters* (314 F.Supp.3d 375 (2018)).

*In Re Trader Joe's Tuna Litigation* involves a similar scenario as in the present case. (289 F.Supp.3d 1074 (C.D. Cal. 2017)) *In Re Trader Joe's Tuna Litig.* involved false advertising and false labeling claims. The court found the plaintiff's Sherman Act, and California's UCL and CLRA duties to be parallel to those in the FDCA (Id.) The *In Re Trader Joe's Litig.* court found there are no substantive differences in Plaintiffs' reliance on a violation of a state-law duty that is parallel to, but independent of, the requirements of the FDCA. *See also Patane v. Nestle Waters,* 314 F.Supp.3d 375 (2018).

Here, Plaintiff has made UCL and CLRA claims which seek to enforce the parallel duty of the FDCA – to prevent marketing, advertising and sale to consumers of bottled drinking water as labeled as "pure" and "purified", but instead contains high levels of plastic. Plaintiff makes specific and detailed allegations in this regard. If the court disagrees, Plaintiff respectfully requests the opportunity to amend.

5
BAKER v. NESTLE, ET AL.
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

### C. Plaintiff's Magnuson Moss Warranty Act is Viable

#### 1. Magnuson Moss Warranty Act Claims Made by Plaintiff Here are Viable

The Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§2301, *et seq.*, creates a private federal cause of action for breach of a "written warranty" as defined by the Act. 15 U.S.C. §2301(6) and §2310(d)(1). Plaintiff has alleged Defendant's bottled drinking water is a "consumer product" as that term is defined by 15 U.S.C. §2301(1), as they constitute tangible personal property which is distributed in commerce and which is normally used for personal, family or household purposes (FAC ¶ 29).

Plaintiff has alleged she and members of the proposed class are "consumers" as defined by 15 U.S.C. §2301(3), since they are buyers of Defendant's bottled drinking water for purposes other than resale that Defendant is an entity engaged in the business of making its bottled drinking water available, either directly or indirectly, to consumers such as Plaintiff and the proposed class, and that as such, Defendant is a "supplier" as defined in 15 U.S.C. §2301(4). (FAC ¶ 30).

Plaintiff alleges in the FAC that through their labeling, Defendant gave and offered a written warranty to consumers relating to the nature and quality of the ingredients in Defendant's bottled drinking water. As a result, Defendant is a "warrantor" within the meaning of 15 U.S.C. §2301(5). (FAC ¶ 31).

Plaintiff also alleges Defendant provided a "written warranty" within the meaning of 15 U.S.C. 2301(6) for its bottled drinking water by prominently affirming and promising in writing on the labeling of the bottled water that they were "pure" and "purified", and that Defendant breached its written warranty by

failing to provide pure and purified drinking water to Plaintiff and all other California purchasers of this product (FAC ¶ 32).

Plaintiff submits these allegations as specific and adequate enough to properly state a viable claim under Rule 12(b)(6).  If the court disagrees, Plaintiff respectfully requests the opportunity to amend.

### D. Plaintiff has Provided Proper Notice to Defendant Regarding the Claims Made in the First Amended Complaint

The First Amended Complaint alleges Defendant was provided notice and a reasonable opportunity to cure the defects in Defendant's bottled drinking water, and remedy the harm to Plaintiff and the proposed class, as set forth in Plaintiff's CLRA notice letter to Defendant dated March 30, 2018.

### E. Plaintiff States Facts for Remaining Claims

#### 1. The Reasonable Consumer Standard Under CLRA Has Been Met

False advertising claims under the CLRA, and the fraudulent and unfair prongs of the UCL are governed by the reasonable consumer standard. *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938 (9th Cir. 2008); *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 951; *Lavie v. Procter & Gamble Co.,* 105 Cal.App.4th 496, 504. Under the reasonable consumer standard, a plaintiff must show that members of the public are likely to be deceived by the defendant's representations. *Williams,* 552 F.3d at 938 ("The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." (internal quotation marks omitted)). A likelihood of deception means that "it is probable that a significant portion of the general consuming public or of targeted consumers, acting

reasonably in the circumstances, could be misled." *Lavie,* 105 Cal. App. 4th at 508, 129 Cal.Rptr.2d 486.

      Here, Plaintiff has clearly alleged the reasonable consumer standard has been met. If the court disagrees, Plaintiff respectfully reserves the right to amend.

### 2. Plaintiff's Fraud Negligent Misrepresentation is Properly Pled

      Here, Plaintiff pleads in the FAC the necessary elements for fraud, and has alleged specific facts regarding Defendant's marketing and labeling its bottled water as "pure" and "purified" when it is not when measured for plastics, and Plaintiff's reasonable reliance to her detriment to those representations.

      In California, to plead negligent misrepresentation, Plaintiffs must allege: "(1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Ragland v. U.S. Bank Nat. Ass'n,* 209 Cal.App.4th 182, 196-97. Plaintiff submits her allegations meet this burden. If the court disagrees, Plaintiff respectfully reserves the right to amend.

### F. CONCLUSION

      The motion should be denied, and if any part of the motion is granted, Plaintiff respectfully requests the opportunity to amend.

**DATED:** November 29, 2018      **HAMNER LAW OFFICES, APLC**

                                                  /s/ Christopher J. Hamner

                                                  _____

                                                  By: Christopher J. Hamner, Esq.
                                                  Attorneys for Plaintiff Cindy Baker on behalf of herself, and others similarly situated

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants.

/s/ Christopher J. Hamner
Christopher J. Hamner, Esq.