1
2  BRYAN A. MERRYMAN (SBN 134357)
   bmerryman@whitecase.com
3  PETER F. D'AGOSTINO (SBN 315419)
   peter.dagostino@whitecase.com
4  LAURA E. WATSON (SBN 317155)
   laura.watson@whitecase.com
5  WHITE & CASE LLP
   555 S. Flower Street, Suite 2700
6  Los Angeles, CA  90071-2433
   Telephone:  (213) 620-7700
7  Facsimile:  (213) 452-2329
8  Attorneys for Defendant
9  NESTLÉ WATERS NORTH AMERICA INC.

10               UNITED STATES DISTRICT COURT
11               CENTRAL DISTRICT OF CALIFORNIA
12                      WESTERN DIVISION
13

14 | CINDY BAKER, on behalf of herself and all other similarly situated, | Case No. 2:18-cv-03097-VAP-PJW |
15 | | |
16 | Plaintiff, | DEFENDANT NESTLÉ WATERS NORTH AMERICA INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |
17 | v. | |
18 | NESTLÉ WATERS NORTH AMERICA, a Delaware corporation, and DOES 1 through 100, inclusive, | |
19 | | |
20 | Defendants. | |
21 | | Date:  December 17, 2018
Time:  2:00 p.m.
Courtroom:  8A
Judge:  Hon. Virginia A. Phillips |
22 | | |
23 | | |
24 | | |
25 | | |

26
27
28

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED ..........................1

III. PLAINTIFF'S MMWA CLAIM IS NOT VIABLE .........................................4

IV. NESTLÉ PURE LIFE® LABELS ARE UNLIKELY TO DECEIVE A "REASONABLE CONSUMER"........................................................................5

V. PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS ARE NOT VIABLE...............................6

VI. PLAINTIFF DOES NOT ADDRESS, AND THUS CONCEDES, NESTLÉ'S OTHER GROUNDS FOR DISMISSAL.......................................6

VII. THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE..........................................................................................................7

VIII. CONCLUSION ......................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Broam v. Bogan*,
  320 F.3d 1023 (9th Cir. 2003) .................................................................................... 7

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) .................................................................................... 5

*Dvora v. Gen. Mills*,
  2011 WL 1897349 (C.D. Cal. May 16, 2011) ............................................................ 4

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ...................................................................................... 7

*Fisher v. Monster Bev. Corp.*,
  2013 WL 4804385 (C.D. Cal. July 9, 2013) .............................................................. 4

*Hairston v. South Beach Bev. Co.*,
  2012 WL 1893818 (C.D. Cal. May 18, 2012) ........................................................ 5, 8

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) .................................................................................... 7

*Lam v. Gen. Mills, Inc.*,
  859 F. Supp. 2d 1097 (N.D. Cal. 2012) .................................................................. 4, 8

*Nemphos v. Nestle Waters N. Am., Inc.*,
  775 F.3d 616 (4th Cir. 2015) ...................................................................................... 3

*Ogden v. Bumble Bee Foods, LLC*,
  2014 WL 27527 (N.D. Cal. Jan. 2, 2014) ................................................................... 5

*In re Pepsico, Inc., Bottled Water Marketing & Sales Practices Litig.*,
  588 F. Supp. 2d 527 (S.D.N.Y. 2008) ............................................................... 3, 6, 8

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013) .................................................................................... 3

*Peviani v. Hostess Brands, Inc.*,
  750 F. Supp. 2d 1111 (C.D. Cal. 2010) .................................................................. 4, 8

*Ramirez v. Ghilotti Bros.*,
  941 F. Supp. 2d 1197 (N.D. Cal. 2013) .................................................................. 2, 7

*Resnick v. Hyundai Motor Am., Inc.*,
  2017 WL 1531192 (C.D. Cal. April 13, 2017) ................................................... 2, 4, 7

*In re Trader Joe's Tuna Litig.*,
    289 F. Supp. 3d 1074 (C.D. Cal. 2017) ................................................................. 2, 3

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................................. 5

**FEDERAL STATUTES**

15 U.S.C. § 2301 ............................................................................................................... 4

21 U.S.C. § 337(a) ..................................................................................................... 1, 3, 4

21 U.S.C. § 343-1 ..................................................................................................... *passim*

**FEDERAL RULES**

Fed. R. Civ. P. 8 ................................................................................................................ 6

Fed. R. Civ. P. 9(b) ........................................................................................................... 6

**FEDERAL REGULATIONS**

21 C.F.R. § 165.110 ..................................................................................................... 1, 6

**STATE STATUTES**

Cal. Civ. Code § 1770 ....................................................................................................... 7

AMERICAS 97010045

NESTLÉ'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff's opposition makes no attempt to address, and therefore concedes, many of the grounds for dismissal in Nestlé's motion. Those grounds include, *inter alia*, that plaintiff's state law claims are *expressly* preempted by the FDCA and FDA[1] regulations that require or permit the use of the words "purified" and "pure" on Nestlé Pure Life® labels to describe the "purified water" (a term specifically defined by FDA) in the bottles and that bar states from imposing any requirements not identical to those regulations, and also that the MMWA does not apply to the labels challenged by this lawsuit.

Where plaintiff does attempt to address Nestlé's arguments, she misses the mark. Most prominently, plaintiff misconstrues one of Nestlé's primary grounds for dismissal based on express preemption under section 403A of the FDCA. Instead of addressing express preemption, Plaintiff contends that her state law claims are not preempted because she alleges that Nestlé violated California's Sherman Law (which incorporates the FDCA and FDA regulations), but her position implicates implied preemption under section 337(a) of the FDCA and does not help plaintiff avoid express preemption under section 403A.

The Court should dismiss this action with prejudice because section 403A expressly preempts plaintiff's state law claims and the MMWA does not apply.

## II. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED

In its motion, Nestlé explained:

1. Section 403A of the FDCA expressly prohibits states from imposing "any requirement" upon a food product subject to a federal standard of identity that is "not identical to" governing FDCA/FDA requirements;
2. Nestlé Pure Life® bottled water is subject to detailed standards of identity, quality, and labeling, which are set forth in 21 C.F.R. § 165.110;

---

[1] Acronyms and defined terms have the same meaning as in Nestlé's motion.

- 1 -

3. FDA requires or allows the labels on bottles of Nestlé Pure Life® "purified water" to use the words "purified" and "pure" (the only words plaintiff contends are misleading and seeks to prevent Nestlé from using);

4. FDA, though requiring bottled water manufacturers to disclose the presence of myriad chemicals and other substances in bottled water when they exceed certain concentration thresholds, does not require disclosures concerning microplastics in bottled water (*i.e.*, the type of disclosures plaintiff seeks to impose through this lawsuit); and

5. Because each state law claim seeks either to prevent Nestlé from using words FDA requires or permits ("purified" and "pure") or to require Nestlé to make label disclosures FDA does not require (regarding microplastics), each claim is expressly preempted by section 403A of the FDCA.

*See* Mot. at 4-10. Plaintiff does not address, let alone contest, any of those points, thereby conceding them. *See, e.g., Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *22 (C.D. Cal. April 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument."); *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 n.8 (N.D. Cal. 2013) (same; collecting cases).

Instead, plaintiff – citing only *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074 (C.D. Cal. 2017) – argues that her state law claims are not preempted because she "has made UCL and CLRA claims which seek to enforce the parallel duty of the FDCA – to prevent marketing, advertising and sale to consumers of bottled drinking water … labeled as 'pure' and 'purified,' but instead contains high levels of plastic." Opp. at 5; *see also* Opp. at 4 ("Plaintiff alleges in her FAC that her state law claims are not preempted by the FDCA because Plaintiff's claims for California state law violations seek to enforce the same standard of conduct required by federal law.").

Plaintiff conflates *express* preemption under section 403A of the FDCA, on which Nestlé bases its preemption ground for dismissal (*see* Mot. at 4-10), with *implied* preemption under section 337(a) of the FDCA, which generally endows the government with the sole authority to enforce the FDCA.  *See* Mot. at 10 n.7 (explaining *Perez v. Nidek Co.*, 711 F.3d 1109 (9th Cir. 2013), and the "narrow gap" through which state law claims must fit to avoid express preemption under section 403A and implied preemption under section 337(a)).

The FAC alleges Nestlé's conduct violates California's Sherman Law (*see* FAC ¶¶ 15-19), which "incorporate[s] the FDCA's requirements wholesale, and do[es] not impose any additional obligations."  *In re Trader Joe's* 289 F. Supp. 3d at 1084.  As noted in Nestlé's motion (at 10 n.7), plaintiff drafted the FAC in an effort to avoid implied preemption under section 337(a).  However, Nestlé's primary preemption argument is that the acts/omissions alleged by plaintiff – the use of the words "purified" and "pure," and the lack of a warning on the label regarding microplastics – do not violate the FDCA or FDA regulations at all, and that plaintiff's state law claims are therefore expressly preempted by section 403A.

*In re Trader Joe's* does not help plaintiff.  Unlike this case, *In re Trader Joe's* involved allegations that the defendant had violated a specific FDA labeling regulation (applicable to under-filled tuna cans) and an argument by the defendant that the plaintiff's CLRA, UCL, and FAL claims were impliedly preempted by section 337(a).  *See* 289 F. Supp. 3d at 1080-85.  The court's decision did not turn on express preemption under section 403A.

While *In re Trader Joe's* is inapposite, cases including *Nemphos v. Nestle Waters N. Am., Inc.*, 775 F.3d 616 (4th Cir. 2015), and *In re Pepsico, Inc., Bottled Water Marketing & Sales Practices Litig.*, 588 F. Supp. 2d 527 (S.D.N.Y. 2008), which implicate both section 403A preemption and governing FDA bottled water regulations, and on which Nestlé relies in its motion, do apply.  Plaintiff's failure to address those cases is telling.

To the extent plaintiff attempts to argue her state law claims cannot be *expressly* preempted by section 403A of the FDCA because California's Sherman Law replicates the FDCA and FDA regulations (and thus sometimes allows California plaintiffs to avoid *implied* preemption under section 337(a)), California federal courts have consistently held to the contrary. *See, e.g., Fisher v. Monster Bev. Corp.*, 2013 WL 4804385, at *11 (C.D. Cal. July 9, 2013) (Phillips, J.) (UCL, FAL, CLRA, and other state law claims expressly preempted under section 403A where "[p]laintiffs seek to impose an obligation to post certain warnings that are not imposed by the FDA"), *rev'd in part on other grounds*, 656 Fed. Appx. 819 (9th Cir. 2016); *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1103 (N.D. Cal. 2012) (state law claims expressly preempted under section 403A where "the labeling challenged by [plaintiff] … is expressly permitted by FDA regulations"); *Dvora v. Gen. Mills*, 2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011) (same); *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1119 (C.D. Cal. 2010) (same).

In sum, nothing in plaintiff's opposition raises any doubt that plaintiff's state law claims are expressly preempted by section 403A of the FDCA. The Court should dismiss them with prejudice.

### III. PLAINTIFF'S MMWA CLAIM IS NOT VIABLE

In its motion, Nestlé explains why the Court should dismiss plaintiff's MMWA claim for two reasons: (1) the MMWA does not apply to food/beverage labels governed by the FDCA; and (2) the words "pure" and "purified" are product descriptions, not warranties, and thus are not subject to the MMWA. Mot. at 11.

Plaintiff does not even attempt to address Nestlé's first ground, thus conceding it. *See, e.g., Resnick*, 2017 WL 1531192, at *22. As to the second ground, plaintiff claims she "alleges Defendant provided a 'written warranty' within the meaning of 15 U.S.C. 2301(6) … by prominently affirming and promising in writing on the labeling of the bottled water that they were 'pure' and purified'…" Opp. at 6. Of course, plaintiff's own characterization of the words

- 4 -

"pure" and "purified" as "warranties" does not make them so.

In contrast to plaintiff's unsupported contention, courts have routinely held such words on food/beverage labels are not subject to the MMWA. *See, e.g., Hairston v. South Beach Bev. Co.*, 2012 WL 1893818, at *6 (C.D. Cal. May 18, 2012) (dismissing MMWA claim because the words "all natural with vitamins" … are 'product descriptions' rather than promises that Lifewater is defect-free, or guarantees of specific performance levels") (collecting cases); *Ogden v. Bumble Bee Foods, LLC*, 2014 WL 27527, at *14 (N.D. Cal. Jan. 2, 2014) ("[T]his Court and other courts in this district have repeatedly held that claims made on a food product's label are not 'warranties' within the meaning of the [MMWA] and thus cannot serve as a basis for a [MMWA] claim.") (collecting cases). The Court should dismiss plaintiff's MMWA claim with prejudice.

## IV. NESTLÉ PURE LIFE® LABELS ARE UNLIKELY TO DECEIVE A "REASONABLE CONSUMER"

One of Nestlé's four grounds for dismissal of plaintiff's CLRA, UCL, and FAL claims – and the only one plaintiff attempts to address – is that the words "purified" and "pure," when used to describe "purified water" (which accurately describes the water in Nestlé Pure Life® bottles), are not misleading under the "reasonable consumer" standard. Mot. at 12-14. Plaintiff, however, does nothing more than restate the "reasonable consumer" standard and conclusorily assert she "has clearly alleged the reasonable consumer standard has been met." Opp. at 7-8. Plaintiff fails to explain (either in the FAC or her opposition) how using the words "purified" and "pure" to describe "purified water" (as FDA requires in the case of "purified" and permits in the case of "pure") presents "a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008).

Because plaintiff's CLRA, UCL, and FAL claims sound in fraud, plaintiff must allege specific facts providing such an explanation. *See, e.g., Vess v. Ciba-*

- 5 -

NESTLÉ'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (Rule 9(b) requires a plaintiff "set forth what is false or misleading about a statement, and why it is false"). Plaintiff cannot meet her pleading burden of explaining why a representation that "purified water" is "purified" and/or "pure" is false; it is not. *See* 21 C.F.R. § 165.110(a)(2)(iv) (standard of identity for purified bottled water); *In re Pepsico*, 588 F. Supp. 2d at 538 ("Consumers cannot be misled [by the use of the word 'pure'] here, as *Aquafina* is purified water.") (citing Beverages: Bottled Water, 60 Fed. Reg. 57,076, 57,079). The Court should dismiss plaintiff's CLRA, UCL, and FAL claims.

## V. PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS ARE NOT VIABLE

In its motion, Nestlé explains that the Court should dismiss plaintiff's fraud and negligent misrepresentation claims because plaintiff fails to plausibly allege Nestlé's use of the words "purified" and "pure" constitutes a misrepresentation of material fact when Pure Life® is in fact "purified water," as defined by FDA (a fact plaintiff does not contest in either her FAC or opposition). Mot. at 17-18. In her opposition, plaintiff merely asserts, without explanation, the allegations in the FAC are sufficient to support her fraud and negligent misrepresentation claims. Opp. at 8. Plaintiff does not satisfy Rule 8, let alone Rule 9(b). The Court should dismiss plaintiff's fraud and negligent misrepresentation claims.

## VI. PLAINTIFF DOES NOT ADDRESS, AND THUS CONCEDES, NESTLÉ'S OTHER GROUNDS FOR DISMISSAL

In its motion, Nestlé also moves on the following grounds, which plaintiff fails to address:

- The "safe harbor" doctrine bars plaintiff's CLRA, UCL, and FAL claims (Mot. at 12);
- To the extent based on nondisclosure, plaintiff's CLRA, UCL, and FAL claims fail because California law imposes no duty on Nestlé to

- disclose the presence of microplastics in its bottled water (*Id.* at 14-16);
- To the extent based on a violation of California Civil Code sections 1770(a)(2), (4), or (9), plaintiff's CLRA claim fails (*Id.* at 16-17);
- Plaintiff's breach of express warranty claim fails because plaintiff does not plausibly allege Nestlé breached a warranty (*Id.* at 17);
- An injunction is a remedy, not a separate claim for relief (*Id.* at 18-19); and
- In the event the Court does not dismiss all of plaintiff's claims, it should dismiss this action under the primary jurisdiction doctrine (*Id.* at 19-20).

The Court should treat plaintiff's failure to address any of these grounds for dismissal as a concession each is a proper ground for dismissal. *See, e.g., Resnick*, 2017 WL 1531192, at *22; *Ramirez*, 941 F. Supp. 2d at 1210 n.8.

## VII. THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE

Dismissal without leave to amend is appropriate where "the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quotations and citation omitted). In determining whether to grant leave to amend, courts may consider new allegations a plaintiff includes in her opposition even if they are not in the operative complaint. *See, e.g., Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Where a plaintiff either fails to explain what new allegations she might include in an amended complaint or offers only new allegations that would not render her claim(s) viable, a court properly dismisses the plaintiff's claims with prejudice. *See, e.g., Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008) (leave to amend futile and need not be granted where a plaintiff "fail[s] to state what additional facts [she] would plead if given leave to amend").

Here, plaintiff's state law claims are expressly preempted by section 403A of

- 7 -

the FDCA, and plaintiff does not explain how she might avoid express preemption if given the opportunity to amend, therefore, the Court should dismiss all of plaintiff's state law claims with prejudice. *See, e.g., Lam*, 859 F. Supp. 2d at 1106 (dismissing state law claims with prejudice insofar as they were expressly preempted by section 403A); *Peviani*, 750 F. Supp. 2d at 1121 (same); *In re Pepsico*, 588 F. Supp. 2d at 539 (same).

If the Court dismisses all of the state law claims with prejudice based on preemption, only plaintiff's MMWA claim will remain, but no amount of repleading can change that: (1) the MMWA does not apply to food/beverage labels governed by the FDCA; and (2) the words "pure" and "purified" are product descriptions, not warranties, and thus are not subject to the MMWA. The Court should also dismiss the MMWA claim with prejudice. *See, e.g., Hairston*, 2012 WL 1893818, at *7 (dismissing MMWA claim concerning statements on beverage labels with prejudice because amendment would have been futile).

## VIII. CONCLUSION

For the reasons set forth in Nestlé's moving and reply briefs, Nestlé respectfully requests the Court dismiss the FAC with prejudice. Alternatively, Nestlé respectfully requests the Court dismiss this action pursuant to the primary jurisdiction doctrine.

Dated: December 3, 2018          WHITE & CASE LLP

By:   */s/ Bryan A. Merryman*
             Bryan A. Merryman

Attorneys for Defendant
NESTLÉ WATERS NORTH AMERICA INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants.

By: */s/ Bryan A. Merryman*
Bryan A. Merryman