**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

> FILED
> CLERK, U.S. DISTRICT COURT
>
> JAN 3, 2019
>
> CENTRAL DISTRICT OF CALIFORNIA
> BY:      BH      DEPUTY

Cindy Baker,

                Plaintiff,

        v.

Nestle S.A., et al.,

                Defendant.

2:18-cv-03097-VAP-PJWx

**Order GRANTING Defendant's Motion to Dismiss (Doc. No. 15)**

        Before the Court is a Motion to Dismiss filed by Defendant Nestle Waters North America ("Defendant").  (Doc. No. 15, "Motion").  After considering all papers filed in support of and in opposition to the Motion, and the arguments put forth at the hearing, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's First Amended Complaint with leave to amend.  Any amended complaint must be filed no later than January 22, 2019.


### I. BACKGROUND

        Plaintiff Cindy Baker ("Plaintiff") brought her putative class action against Defendant for misrepresenting that Nestle Pure Life Purified bottled water was "pure" or "purified," when instead it allegedly contains plastics and micro plastics.  (Doc. No. 14).  Plaintiff brought eight claims against Defendant: (1) violation of the Magnuson Moss Warranty Act, (2) violation of California California's Consumer Legal Remedies Act, (3) violation of California unfair competition law, (4) breach of express warranty,

1

(5) violation of California's false advertising laws, (6) fraud, (7) negligent misrepresentation, and (8) injunction.[1]  (*Id.*).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, a plaintiff must allege facts that state a claim for relief that is plausible, not merely conceivable.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

A motion to dismiss can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## III.    DISCUSSION

Defendant moves to dismiss on three grounds.  (Doc. No. 15).  First, Defendant argues Plaintiff's state law claims are preempted.  (*Id.* at 4-10).  Second, Defendant argues that each of Plaintiff's claims fails to allege facts sufficient to support a claim.  (*Id.* at 11-18).  Third, Defendant argues that

---

[1] Plaintiff's claim titles and numbering of her claims varies from the caption page, but each of her claims, as pled, is captured in this list.

2

United States District Court
Central District of California

Plaintiff's claims should be dismissed under the primary jurisdiction doctrine. (*Id.* at 19-20).

## A.   Federal Preemption of Plaintiff's State Law Claims

Each of the claims in Plaintiff's complaint are based on Defendant's labeling and advertising of its water as "pure" and "purified."  Defendant argues that Plaintiff's state law claims are expressly preempted by Section 403A of the Food, Drug, and Cosmetic Act ("FDCA").  (Doc. No. 15, at 4-10).

Section 403A provides that no state may "directly or indirectly establish . . . any requirement for a food which is the subject of a standard of identity established under section 341 of this title that is not identical" to federal requirements.  21 U.S.C. § 343-1(a)(1).  Preemption therefore occurs when a state law claim imposes obligations concerning the composition or labeling of food that either are not imposed by federal law or that differ from federal requirements.  21 C.F.R. § 100.1(c)(4); *see Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780, 795 (2002) (holding that a state law claim is preempted where it would require, for example, "includ[ing] additional or different information on a federally approved label"); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1121-23 (N.D. Cal. 2010) (holding that UCL and other state law claims that sought to impose labeling requirements not identical to FDA regulations were expressly preempted).

Here, the Food and Drug Administration ("FDA") explicitly regulates the term "purified water."  21 C.F.R. § 165.110(a)(2)(iv) ("The name of water

that has been produced by distillation, deionization, reverse osmosis, or other suitable processes and that meets the definition of 'purified water' in the United States Pharmacopeia, 23d Revision . . . may be 'purified water' or 'demineralized water.'").  As a result, Plaintiff's state law claims based on the term "purified water" are preempted.  *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1119 (C.D. Cal. 2010) ("Plaintiff's claims seek to enjoin the use of the very term permitted by the [FDA] and its accompanying regulations. Plaintiff's claims must therefore fail because they would necessarily impose a state-law obligation . . . that is not required by federal law.").

The only question that remains then is whether Defendant's use of the term "pure" is also preempted.  Defendant cites to *In re PepsiCo, Inc., Bottled Water Mktg. & Sales Practices Litig.*, 588 F. Supp. 2d 527, 538 (S.D.N.Y. 2008).  (Doc. No. 15, at 8).  There, the court determined that the plaintiffs' state law claims regarding the labeling of Aquafina's purified water and accompanying slogan "Pure Water-Perfect Taste" were preempted.  *Id.* The court held that because the water was "purified water" within the meaning of the FDA, consumers could not be misled by the water also being called "pure," and therefore any state law claims relating to the term "pure" as applied to "purified water" were preempted.  *Id.*  The Court agrees. So long as Defendant is in compliance with the FDA's requirements regarding the term "purified water," any claims asserting Defendant cannot label its water "pure" seek to impose an obligation different from the FDCA, and are preempted.

4

Plaintiff relies on *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074 (C.D. Cal. 2017), arguing that where state duties parallel federal duties, the state law claims are not preempted.  (Doc. No. 19, at 5).  As an initial matter, *In re Trader Joe's* involved implied preemption only, not express preemption as here.  Accordingly, because Plaintiff is seeking to impose a burden that is not identical to the FDCA, Section 403A dictates express preemption of such claims—regardless of the standards for implied preemption as applied in *In re Trader Joe's*.  Additionally, in *In re Trader Joe's* the plaintiffs' claims were premised on the defendant's failure to comply with FDA standards. Here, Plaintiff premises her claims not on Defendant's failure to comply with FDA standards, but instead on Defendant's use of FDA-permissible labeling as misleading.  Such claims are expressly preempted under Section 403A.

Accordingly, the Court DISMISSES Plaintiff's state law claims with leave to amend.

**B.  Plaintiff's Remaining Federal Claim Fails**

Plaintiff's only remaining federal claim alleges a violation of the Magnuson Moss Warranty Act ("MMWA") based on Defendant's alleged breach of a written warranty that its water is "pure" and "purified."

The MMWA, however, is inapplicable to any written warranty where the content of the warranty is otherwise governed by federal law.  15 U.S.C. § 2311(d).  As established above, the content of Defendant's label claiming its water is "pure" or "purified" is governed by federal law.  *See* 21 C.F.R. § 165.110(a)(2)(iv).  Accordingly, Plaintiff's MMWA claim fails.  *Mollicone v.*

*Universal Handicraft, Inc.*, No. 2:16-cv-07322-CAS-MRWx, 2017 WL 440257, at *12 (C.D. Cal. Jan. 30, 2017) ("Where the FDCA governs the product at issue, a plaintiff may not state a claim under the MMWA.").

Accordingly, the Court DISMISSES Plaintiff's MMWA claim with leave to amend.

### C.  The Primary Jurisdiction Doctrine

Defendant argues that to the extent Plaintiff's claims hinge on whether Defendant's water is properly labeled as "purified water," they should be dismissed under the primary jurisdiction doctrine so that the FDA can determine the issue.  (Doc. No. 15, at 19-20).  Plaintiff's opposition fails to address this argument.  (*See* Doc. No. 19).

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency . . . ."  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  Although the "question is a matter for the court's discretion," courts traditionally weigh four factors in deciding whether to apply the primary jurisdiction doctrine: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration."  *Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d 775, 781 (9th Cir. 2002).

*United States District Court*
*Central District of California*

Congress has placed the issues raised in Plaintiff's complaint—the labeling of bottled water as pure or purified—squarely within the jurisdiction of the FDA and depend on the FDA's expertise.  The FDCA establishes a uniform federal scheme of food regulation to ensure that food is labeled in a manner that does not mislead consumers.  Additionally, any claims regarding what concentration of microplastics might violate the FDA's regulations concerning "purified water" would implicate technical and policy claims better suited for decision by the FDA.  *Tran v. Sioux Honey Ass'n, Coop.*, No. 8:17-cv-110-JLS-JCGx, 2017 WL 5587276, at *2 (C.D. Cal. Oct. 11, 2017) (holding that although the complaint was "ostensibly about the meaning of terms 'Pure' or '100% Pure,'" the complaint was really about what constitutes safe levels of potential toxins, and therefore the case was better suited for decision by the FDA).

## IV.   CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiff's First Amended Complaint with leave to amend.[2]  Any amended complaint must be filed no later than January 22, 2019.

**IT IS SO ORDERED.**

Dated:   1/3/19

Virginia A. Phillips
Chief United States District Judge

_____

[2] While it is unlikely that Plaintiff could overcome the deficiencies noted in this Order, particularly for any claim stemming from the terms "pure" or "purified," the Court grants leave but cautions Plaintiff that any amendments shall not be frivolous or contain the same deficiencies noted herein.