Christopher J. Hamner, Esq. (SBN 197117)
Evelina Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
5023 Calabasas Parkway
Calabasas, California 91302
Telephone: (818) 876-9631
chamner@hamnerlaw.com
eserafini@hamnerlaw.com

Attorneys for Plaintiff, CINDY BAKER, on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DISTRICT

| | |
|---|---|
| CINDY BAKER, on behalf of herself and all other similarly situated,<br><br>Plaintiff<br><br>v.<br><br>NESTLE WATERS NORTH AMERICA, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:18-cv-03097-VAP-PJW<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cindy Baker, on behalf of herself and all others similarly situated brings this Second Amended Complaint against defendant Nestle Waters North America, Inc., and DOES 1 through 10 and state:

## PARTIES

**A.     Plaintiff**

1.     Plaintiff Cindy Baker ("Plaintiff") is a California resident who

1

purchased Nestle Pure Life Purified bottled water, and consumed this bottled water brand on October 31, 2017, with family and friends, in Los Angeles, California, at Smart & Final in Encino California.

**B.     Defendant**

2.     Defendant Nestle Waters North America ("Nestle" or "Defendant") is a Delaware corporation located in Arlington, Virginia, and doing business throughout California, including the County of Los Angeles.

3.     Plaintiff is informed and believes, and based thereon alleges that at all times relevant to this action, the named defendant and defendants Does 1 through 10 were affiliated and were an integrated enterprise and wrongful conduct and reserves the right to seek leave to amend to add these doe defendants.

## PLAINTIFF'S ALLEGATIONS

4.     Plaintiff alleges recent and publicized testing and analysis of Defendant's Pure Life bottled water measured extremely high levels of plastics particles, including micro plastics, such as polypropylene, nylon, and polyethylene terephthalate ("plastics").  Defendant's Pure Life Purified drinking water was measured to have a concentration of more than 10,000 particles of plastics per liter.  The amount of plastics measured in Defendant's Pure Life bottled water were significantly higher than the other water brands tested.  Plaintiff alleges that the extremely high levels of particles measured in Defendant's drinking water are not reasonable, and can result in harm to humans.  Plaintiff alleges that neither she nor any other reasonable person would choose to drink bottled water which tests so high for plastic content.

5.     Plaintiff alleges her consumption of Nestle's Pure Life bottled drinking water has proximately caused Plaintiff acting negligently in making this product to readily available the public, including throughout Los Angeles,

California, during the liability period, and continuing. Plaintiff alleges that high plastics content in bottled water can cause harm to the humans, as alleged herein, and to be proven at trial. Plaintiff alleges that she and the proposed class have been damaged by, among other things, the ingestion into the body of the type and extremely high levels of plastics contained in Nestle Pure Life Purified bottled water.

6. Plaintiff sues for negligent conduct only and does not make any claim against Defendant based on any intentional conduct, such as false advertising, fraud, false labeling or misrepresentation, or any other wrongful conduct, which is covered by the Federal Food, Drug and Cosmetic Act ("FDCA").

7. Plaintiff does not seek to regulate or govern the safety or quality of the bottled water at issue. Plaintiff's negligence claim is based on damages incurred *as a result of consuming* Nestle Pure Life bottled drinking water.

## CLASS ALLEGATIONS

8. Plaintiff seeks to represent the following class of California consumers pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons who consumed Nestle Pure Life bottled drinking water in California, in the 4 years prior to the filing of this action, and continuing.**

Plaintiff reserves the right to amend this class definition or to add subclasses.

9. *Numerosity.* The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiff.

The true number of the proposed class is known by the Defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

10. **_Existence and Predominance of Common Questions of Law and Fact._** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members.

11. **_Typicality._** Plaintiff's claims are typical of the claims of the proposed class.

12. **_Adequacy of Representation._** Plaintiff will fairly and adequately protect the interests of the members of the proposed class. Plaintiff has retained counsel experienced in complex consumer class action litigation. Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the proposed class.

13. **_Superiority._** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendant. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these

issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## COUNT I
## NEGLIGENCE

14. Plaintiff incorporates by reference and re-alleges each and every allegation set forth herein.

15. Plaintiff alleges Defendant had a reasonable duty of care to its consumers of its bottled water, and to all others who might reasonably consume this water, to not allow for release to the public, or make available for public consumption, bottled drinking water which contains the extremely high levels of plastics measured in Nestle Pure Life bottled drinking water.

16. Plaintiff alleges Defendant knew or should have known of the extremely high levels of plastics in its Pure Life bottled water. Plaintiff alleges that but for Defendant breaching the duties set forth herein above, Plaintiff and the public would not have consumed this water.

17. Plaintiff alleges she and the proposed class have been harmed, injured or economically damaged by the breaches of duty alleged herein, to an extent and to an amount, be proven at trial.

18. Plaintiff reserves the right to seek leave from the court to add appropriate additional Defendants to this action who may have also acted negligently in this matter.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and the class, prays for a judgment:

1. Certifying the proposed class as requested herein, and appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

2. Awarding Plaintiff and the proposed class all due damages, including actual economic damages and general and specific damages;

3. Awarding attorneys' fees and costs to Plaintiff's counsel;

4. Awarding punitive damages as against Defendant;

5. Awarding damages, fines and penalties against Defendant as permitted by law;

6. Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 22, 2019

HAMNER LAW OFFICES, APLC

_____
CHRISTOPHER J. HAMNER
Attorneys for Plaintiff Cindy Baker on behalf of herself, and others similarly situated

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants.

<u>/s/ Christopher J. Hamner</u>
Christopher J. Hamner, Esq.